FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 1 1/2020

JAMES W. McCORMACK, CLERK

By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BONNIE NORMAN, Individually and on**                                              **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                       No. 4:20-cv-492-DPM

**INDEPENDENT CASE MANAGEMENT, INC.**                                       **DEFENDANT**
This case assigned to District Judge Marshall
and to Magistrate Judge Kearney
**ORIGINAL COMPLAINT—COLLECTIVE ACTION**

COMES NOW Plaintiff Bonnie Norman, individually and on behalf of all others similarly situated, by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint ("Complaint") against Defendant Independent Case Management, Inc. ("Defendant"), she states and alleges as follows:

## I.   PRELIMINARY STATEMENTS

1.    This is a collective action brought by Bonnie Norman, individually and on behalf of all others similarly situated, against Defendant for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* (the "AMWA"), and Ark. Code Ann. § 11-4-405.

2.    Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper wages under the FLSA and the AMWA.

## II.   JURISDICTION AND VENUE

3.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.     This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.     Defendant conducts business within the State of Arkansas, facilitating self-directed home care.

6.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

7.     Defendant does business in this district and a substantial part of the events alleged herein occurred within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

8.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9.     Plaintiff is an individual and resident of Pulaski County.

10.    At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

11.    Defendant is a domestic, not-profit corporation.

Case 4:20-cv-00492-DPM   Document 1   Filed 05/11/20   Page 3 of 10

12. Defendant's registered agent for service is Cindy Alberding, at 1525 Merrill Drive, Suite 100, Little Rock, Arkansas 72211.

13. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

14. Defendant has at least two employees engaged in commerce or in the production of goods for commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

15. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

## IV. FACTUAL ALLEGATIONS

16. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

17. Defendant employed Plaintiff as a home health care worker from 2017 until September of 2019.

18. As a home health care worker, Plaintiff and similarly situated employees assisted their clients with personal care, bathing, grooming, administering medication, and preparing meals.

19. The wages the Plaintiff and similarly situated employees received from Defendant were provided by the Independent Choices program.

20. Defendant interviewed each Plaintiff and each similarly-situated employee before hiring them.

21.     Defendant retained the power to fire Plaintiff and similarly situated employees.

22.     Defendant monitored the number of hours Plaintiff and similarly situated employees worked, including requiring Plaintiff and similarly situated employees to send timecards directly to Defendant.

23.     Plaintiff and similarly situated employees received paychecks directly from Defendant.

24.     Defendant performed periodic assessments of both home health care workers and their clients at the clients' homes.

25.     Defendant failed to pay Plaintiff and similarly situated employees for all the hours they worked.

26.     Plaintiff continued to submit her timesheets to Defendant, despite not receiving full pay for the hours submitted.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

27.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

28.     Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated salaried employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Minimum wages for all hours worked;

B.     Overtime premiums for all hours worked in excess of forty per week;

C.     Liquidated damages; and

D.     The costs of this action, including attorney's fees.

29.     Plaintiff is unable to state the exact number of the class, but believes it includes more than 100 persons.

30.     Plaintiff proposes the following class under the FLSA:

**All home health care workers within the past three years.**

31.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file written Consents to Join this lawsuit.

32.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

33.     The proposed FLSA class members are similarly situated in that they share the following traits:

A.     They had the same or substantially similar job duties and requirements;

B.     They were subject to Defendant's common policies such as hiring requirements, periodic assessments, and timesheet submission; and

C.     They were subject to Defendant's common policy of failing to pay them for all hours worked.

34.     Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

35.     The names, email addresses, and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved

notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for FLSA Violation)

36.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

37.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

38.    At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

39.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

40.    Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

41.    Defendant failed to pay Plaintiff a minimum wage for all hours worked.

42.    Defendant failed to pay Plaintiff a proper overtime rate for all hours worked over forty (40) each week.

43.    Defendant knew or should have known that its actions violated the FLSA.

44.    Defendant's conduct and practices, as described above, was willful.

45.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

46.    Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

47.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Individual Claim for AMWA Violation)

48.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

49.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq.*

50.    At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

51.    Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee

meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

52. Defendant classified Plaintiff as non-exempt from the requirements of AMWA.

53. Defendant failed to pay Plaintiff a minimum wage for all hours worked.

54. Defendant failed to pay Plaintiff a proper overtime rate for all hours worked over forty (40) each week.

55. Defendant knew or should have known that its practices violated the AMWA.

56. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

57. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## VIII.    THIRD CLAIM FOR RELIEF
## (Collective Action Claim for FLSA Violation)

58. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

59. Plaintiff, each individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, et seq.

60. At all times relevant times to this Complaint, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

61.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

62.     All times relevant to this Complaint, Defendant failed to pay Plaintiff and all others similarly situated the minimum wage required by the FLSA.

63.     Despite the entitlement of Plaintiff and those similarly situated to overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

64.     Defendant's failure to pay Plaintiffs and other similarly situated a proper minimum wage and overtime rate was willful.

65.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Bonnie Norman respectfully pray that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.     Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.      Judgment for damages suffered by Plaintiff for all unpaid minimum wage and overtime premiums under the FLSA, the AMWA and their related regulations;

C.      Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, the AMWA, and their related regulations;

D.      An order directing Defendant to pay Plaintiff prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

E.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**BONNIE NORMAN, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com