IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BONNIE NORMAN, Individually and
on Behalf of All Others Similarly Situated                    PLAINTIFF

v.                       No. 4:20-cv-492-DPM

INDEPENDENT CASE MANAGEMENT, INC.                DEFENDANT

ORDER

Norman worked for Independent Case Management as a direct support professional from 2017 until May 2020. Independent Case Management is a home healthcare company that provides in-home personal care to people with physical and developmental disabilities, some of whom require 24-hour care. Direct support professionals help clients acquire daily living skills to become as independent as possible, including assisting them with scheduling, medications, communication, and general health. Norman says she was paid hourly, regularly worked more than one hundred hours a week, was made to report only forty hours regardless of how many she'd worked, and was not paid any extra for her overtime work. Norman moves to conditionally certify a collective action.

All material things considered, Norman has carried her burden for collective certification. She's met the lenient applicable standard of showing that the direct support professionals are similarly situated to

one another. *Helmert v. Butterball, LLC*, 2009 WL 5066759, at *3 (E.D. Ark. 15 Dec. 2009). And she's made the modest factual showing — through her pleading and the affidavits — that the same kind of alleged wage violation occurred across a group. *Garrison v. ConAgra Foods Packaged Food, LLC*, 2013 WL 1247649, at *2 (E.D. Ark. 27 Mar. 2013). But, the Court shares Independent Case Management's concern about the breadth of Norman's proposed collective. The direct support professionals had similar duties and were subject to uniform pay policies. It's not clear the same is true of all Independent Case Management's "home healthcare workers" — a group comprising line therapists, caregivers, and individuals certified to work with autistic children, as well as direct support professionals. The Court therefore conditionally certifies a narrower collective:

> All direct support professionals employed by Independent Case Management who worked more than forty hours in any week from 11 May 2017 to 11 May 2020.

Please change the proposed notice and consent forms to reflect the modified group definition. Notice to group members by either U.S. mail or email (at group counsel's election) is fine. One follow-up by postcard is fine, too. When sending notice, do not enclose the pleadings. Independent Case Management must provide the requested contact information by 26 March 2021. The opt-in period will close on 11 June 2021. The Court otherwise overrules Independent Case Management's objections.

-2-

\* \* \*

Norman's motion for conditional certification, *Doc. 13*, is granted as modified.

So Ordered.

*[signature]*

D.P. Marshall Jr.
United States District Judge

11 March 2021