# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**BONNIE NORMAN, Individually and
on Behalf of All Others Similarly Situated**                    **PLAINTIFF**

v.                                    **No. 4:20-cv-492-DPM**

**INDEPENDENT CASE MANAGEMENT, INC.**          **DEFENDANT**

## ORDER

1.      Norman sues for unpaid overtime under the Fair Labor
Standards Act, 29 U.S.C. § 207, and the Arkansas Minimum Wage Act,
ARK. CODE ANN. § 11–4–211.   Independent Case Management, Inc.
provides in-home services to people with physical and developmental
disabilities, some of whom require 24-hour care.   Norman worked for
Independent Case Management as a direct support professional from
November 2016 until May 2020.   Her only client was an elderly blind
woman with Down syndrome.   She also worked two or three hours a
day for a different company to provide personal care services to her
client.

In early 2018, Norman moved into her client's mother's home in
Harrison.  She says understaffing by Independent Case Management
prompted her decision and that she would have worked the same
amount in any event because she was not allowed to leave the client
unless another direct support professional replaced her.   She claims

she was paid hourly, regularly worked more than one hundred hours a week, was made to report only forty hours per week regardless of how many she'd worked, and was not paid any extra for her overtime work. The Court conditionally certified a collective action in March 2021 and many workers have opted in. Independent Case Management moves to decertify the conditionally certified group and for summary judgment against Norman.

**2.** Norman does not oppose decertification. She argues instead that the Court should decertify the group and join the opt-in plaintiffs as named plaintiffs in this case as it has done in at least three other cases. *E.g., Burley v. Arkansas Area Agency on Aging, Inc.*, No. 4:20-cv-226-DPM, Doc. 59 (E.D. Ark. 3 June 2021); *Carden v. Logan Centers, Inc.*, No. 3:19-cv-167-DPM, Doc. 81 & 83 (E.D. Ark. 22 January 2021); *Keaton v. Gamma Healthcare, Inc.*, No. 4:18-cv-736-DPM, Doc. 42 (E.D. Ark. 1 October 2019). The difference between those cases and this one is that they involved far fewer plaintiffs who met the standard for permissive joinder under Federal Rule of Civil Procedure 20(a)(1). The FLSA offers an efficient way for similarly situated non-party workers to become party plaintiffs. 29 U.S.C. § 216(b). But, once it is conceded that the FLSA's collective action mechanism doesn't apply, the accepted course is for the Court, in its discretion, to dismiss the opt-ins without prejudice. *McCoy v. Elkhart Products Corporation*, No. 5:20-cv-5179-PKH, 2021 WL 5015625, at *2 (W.D. Ark. 28 October 2021). Joinder of some

-2-

or all of the dismissed opt-ins might then be appropriate depending on the circumstances.

Norman hasn't pointed to any facts or made any convincing argument showing why joinder would be proper here.  The Court will therefore decertify the collective and dismiss most of the opt-in plaintiffs without prejudice.   For those plaintiffs, the statutes of limitation are tolled from the date they consented to join this case through the date of this Order.  The Court declines to decide whether a collective action or joinder of these plaintiffs in another case would be appropriate.

The parties agree that eight of the opt-in plaintiffs make claims that are barred by the FLSA's three-year statute of limitations.  *Doc. 101 at 1 & 103 at 2*.  Those opt-in plaintiffs' claims will be dismissed with prejudice.

3.      Relying heavily on the recent decision by the Court of Appeals in *Rapp v. Network of Community Options, Inc.*, 3 F.4th 1084 (8th Cir. 2021), Independent Case Management seeks summary judgment on Norman's individual claims.  *Rapp* builds on *Holaway v. Statasys, Inc.*, 771 F.3d 1057 (8th Cir. 2014), and further articulates what proof is essential for a FLSA plaintiff's claims to survive a summary judgment challenge.  The company argues that Norman cannot show that she worked overtime, and, even if she could, she has no evidence of the amount of her alleged unpaid overtime.  Norman responds that her

consistent testimony about unpaid overtime is enough to proceed to a trial.

On deposition, Norman said she was forced to do the work of two direct support professionals because Independent Case Management either refused to or couldn't adequately staff her client's needs. But the company only paid her for the work it scheduled its direct support professionals to perform. The company's scheduling was haphazard. Norman claims competing policies left her without any good options. If she left her client alone when nobody showed up to replace her, she would be in violation of one policy. And if she reported more than forty hours in a workweek, she'd be in violation of another. Norman said the company docked her pay at least once for reporting more than forty hours in a workweek. She could not say when that was or how many hours the company docked. *Doc. 93-1 at 69–70.*

Taking all disputed facts, and making all reasonable inferences, in Norman's favor, *Holaway*, 771 F.3d at 1058–59, there are no issues for trial. The parties disagree about the significance of a series of notebooks in which Norman says she kept detailed records of unpaid overtime. The notebooks were misplaced and have not been produced in this case. *Doc. 93-1 at 15.* Norman is correct that the notebooks are not necessarily dispositive. Her best recollection could suffice to establish liability where the company failed to keep accurate or adequate records. *Anderson v. Mt. Clemens Potter Company*, 328 U.S. 680, 687

-4-

(1946). Norman, however, testified that she has no independent memory of when she worked overtime or how much overtime she worked. *Doc. 93-1 at 15, 20, 41–42, 74–75, 77–78 & 98–99*. The record, therefore, lacks any specific dates, supporting documents, or other corroborating information to support Norman's estimated unpaid overtime. Vague estimates alone are not sufficient to support a finding that Norman worked unpaid overtime in any given week. *Rapp*, 3 F.4th at 1088; *Holaway*, 771 F.3d at 1059–60.

**4.** The parties haven't developed Norman's AMWA claim for overtime in their summary judgment papers. But the state and federal statutes provide the same overtime requirements, and are interpreted similarly. *E.g., Helmert v. Butterball, LLC*, 805 F. Supp. 2d 655, 663 n.8 (E.D. Ark. 2011). Norman's AMWA claim fails for the same reasons as her FLSA claim.

\*      \*      \*

Independent Case Management's motion for decertification, *Doc. 87*, is granted. Norman's embedded motion to amend, *Doc. 98*, is denied. Lorranda Barnes, Sheryl Hutchinson, Dottie Lee, Grace Nast, Barbara Patton, Teresa Reed, Alfie Walls, and Cassandra Wright are dismissed and their claims are dismissed with prejudice. The remaining fifty-three opt-in plaintiffs are dismissed without prejudice and the statutes of limitation for their claims are tolled along the lines specified in this Order. The company's motion for summary judgment,

- 5 -

*Doc. 84*, is granted.  Norman's claims are dismissed with prejudice.
Judgment will issue.

So Ordered.

_WPMarshall Jr._

D.P. Marshall Jr.
United States District Judge

_23 May 2022_