# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**BONNIE NORMAN, Individually and
on Behalf of All Others Similarly Situated**                          **PLAINTIFF**

v.                          **No. 4:20-cv-492-DPM**

**INDEPENDENT CASE MANAGEMENT, INC.**          **DEFENDANT**

## ORDER

1.      The Court granted Independent Case Management's motion for summary judgment and dismissed Norman's claims against it with prejudice.  The company now moves to recover its costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure.  The parties agree that Independent Case Management prevailed in this case, at least with respect to Norman's claims.  The FLSA doesn't prohibit costs to a prevailing defendant. *Lochridge v. Lindsey Management Co.*, 824 F.3d 780, 783 (8th Cir. 2016).  Independent Case Management is therefore entitled to its costs unless Norman can show that an award would be inequitable in the circumstances. *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002).

2.      The Court awards to Independent Case Management the costs associated with taking Norman's deposition.  She says that the company is better situated than her to bear the costs of litigating her good faith claims against it.  She has not, however, offered any proof of

her financial condition or cited any authority suggesting that financial disparities alone could be a basis on which to deny costs to a prevailing party. The record contains no evidence that Norman is unable to pay, which would tilt the balance against an award. *Thomas v. Viskase Companies, Inc.*, No. 3:19-cv-371-DPM, Doc. 67 (E.D. Ark. 11 January 2022). She has not met her burden to show that the equities favor her. The Court therefore awards Independent Case Management $1,317.55 in costs.

**3.** The other costs the company seeks are associated with the depositions of a few opt-in plaintiffs. Those costs are not recoverable against Norman because they were not necessary for Independent Case Management to incur in its defense against her individual claims. 28 U.S.C. § 1920(2). The opt-ins were plaintiffs on equal footing with Norman and pressed their own individual actions. *Mickles v. Country Club, Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018). Their claims were dismissed without prejudice after decertification of the conditionally certified group. Independent Case Management has not asked for, and the Court declines to make, an award of costs against them.

\*     \*     \*

Independent Case Management's motion, *Doc. 107*, is partly granted and partly denied.

- 2 -

So Ordered.

_D.P. Marshall Jr._
United States District Judge

7 July 2022